OPINION
{¶ 1} Defendant, Joseph Flanigan, was charged by complaint inVandalia Municipal Court with assault in violation of R.C.2903.13(A). Following a trial to the court, Defendant was foundguilty as charged. The trial court sentenced Defendant to thirtydays in jail plus a two hundred fifty dollar fine, but suspendedthose sentences and placed Defendant on one year of supervisedprobation.
 {¶ 2} Defendant timely appealed to this court from hisconviction and sentence. Defendant's appellate counsel filed anAnder's brief, Anders v. California (1967), 386 U.S. 738,stating that he could not find any meritorious issues forappellate review. We notified Defendant of his appellatecounsel's representations and afforded him ample time to file apro se brief. None has been received. This matter is now readyfor decision.
 {¶ 3} In his Anders brief appellate counsel has identified onepotential issue for appeal:
 {¶ 4} "The trial court's guilty finding is against themanifest weight of the evidence."
 {¶ 5} A weight of the evidence argument challenges thebelievability of the evidence, and asks which of the competinginferences suggested by the evidence is more believable orpersuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App.No. 15562, unreported. The proper test to apply to that inquiryis the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 {¶ 6} "[t]he court, reviewing the entire record, weighs theevidence and all reasonable inferences, considers the credibilityof witnesses and determines whether in resolving conflicts in theevidence, the jury lost its way and created such a manifestmiscarriage of justice that the conviction must be reversed and anew trial ordered." Accord: State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 7} The evidence introduced at trial portrays conflictingversions of the fight that gave rise to this assault charge. Onor about June 1, 2003, Defendant was in the driveway of his homelocated at 4960 Hamlin Drive, Harrison Township, working on histruck, when he heard his car alarm go off. Defendant looked upand saw Jared Phillips walking away from his car. Defendantdirected some harsh words toward Phillips about staying away fromhis car. Approximately one-half hour later Phillips returned toDefendant's home with his friend, Joseph Hammond.
 {¶ 8} According to Hammond's version of the events, an angryand yelling Defendant came out of his house and got up inHammond's face, threatening both him and Phillips becausePhillips had been messing with his car. Defendant knockedHammond's hat off his head. When Hammond turned to pick up hishat, Defendant began punching Hammond in the face. Defendant hitHammond a total of fifteen or twenty times, fracturing Hammond'sleft jaw.
 {¶ 9} According to Defendant's version of the events, whenPhillips returned with Hammond, Defendant and his brother werestill outside in the driveway working on Defendant's truck.Hammond came up and got in Defendant's face, demanding thatDefendant apologize to Phillips. When Defendant refused toapologize, Hammond threw a punch at him. Defendant ducked thatblow and then hit Hammond two or three times in self-defense.
 {¶ 10} The trial court found Defendant guilty of "knowinglycausing physical harm to another." R.C. 2903.13(A). The trialcourt correctly noted that this case was a credibility contestbetween the victim, Hammond, and Defendant. Each man accused theother of being the aggressor and starting the fight. Defendantcomplains on appeal because the trial court, sitting as the trierof facts, chose to believe Hammond's testimony rather than his.
 {¶ 11} In State v. Lawson (August 22, 1997), Montgomery App.No. 16288, we observed:
 {¶ 12} "[b]ecause the factfinder . . . has the opportunity tosee and hear the witnesses, the cautious exercise of thediscretionary power of a court of appeals to find that a judgmentis against the manifest weight of the evidence requires thatsubstantial deference be extended to the factfinder'sdeterminations of credibility. The decision whether, and to whatextent, to credit the testimony of particular witnesses is withinthe peculiar competence of the factfinder, who has seen and heardthe witness." Id., at p. 4.
 {¶ 13} This court will not substitute its judgment for that ofthe trier of facts on the issue of witness credibility unless itis patently apparent that the trier of facts lost its way inarriving at its verdict. State v. Bradley (October 24, 1997),Champaign App. No. 97-CA-03.
 {¶ 14} The trial court in this case did not lose its waysimply because it chose to believe Hammond's version of theevents rather than Defendant's, which it was entitled to do. Inreviewing this record as a whole, we cannot say that the evidenceweighs heavily against a conviction, that the jury lost its way,or that a manifest miscarriage of justice has occurred.Defendant's conviction is not against the manifest weight of theevidence.
 {¶ 15} In addition to the potential error raised by appellatecounsel, we have conducted an independent review of the trialcourt's proceedings and have found no error having arguablemerit. Accordingly, Defendant's appeal is without merit and thejudgment of the trial court will be affirmed.
 Brogan, J., and Young, J., concur.